UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MYFTAR MYRTAJ AND FETA LILAJ,<br><br>            Plaintiffs,<br><br>v.<br><br>CULLINAN ENGINEERING CO., INC. AND WAYNE MORY<br><br>            Defendants. | CIVIL ACTION NO. 05-11546-RCL<br><br>Jonathan R. Sigel, BBO #559850<br>Kathryn E. Abare-O'Connell, BBO #647594 |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR INSUFFICIENT SERVICE OF PROCESS**

Defendants Cullinan Engineering Co., Inc. ("Cullinan Engineering" or "the Company") and Wayne Mory (collectively "Defendants") submit this memorandum in support of their motion to dismiss Plaintiffs' Complaint pursuant to Local Rule 4.1 and Rules 12(b)(5) and 4(m) of the Federal Rules of Civil Procedure, on the grounds that Plaintiffs failed to properly effectuate service and file a return of service as required.

**FACTS**

Plaintiffs filed this action in this Court on July 21, 2005. Pursuant to Local Rule 4.1 and Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiffs were required to effect service of process upon each of the Defendants and to file returns of service with the Court within 120 days of filing their Complaint. Accordingly, Plaintiffs were required to file returns of service with the Court on or before *November 18, 2005*.

However, as of this date, process has not been properly served upon Defendants Wayne Mory and Cullinan Engineering[1] and Plaintiffs have not filed any return of service with this Court.

## ARGUMENT

A motion to dismiss for insufficiency of service of process places the burden on the plaintiff to establish the facts underlying the assertion of the court's jurisdiction. See Glasser v. Degenhart, 1995 Mass. App. Div. 42, 43; see also Droukas v. Divers Training Academy, 375 Mass. 149, 151 (1978); Morill v. Tong, 390 Mass. 120, 129 (1983). "'Good cause' has been defined as 'a stringent standard requiring dilingen[t]' albeit unsuccessful effort to complete service within the period prescribed by the Rule." Shuman, 30 Mass. App. Ct. at 953 (quoting Davis-Wilson v. Hilton Hotels Corp., 106 F.R.D. 505, 509 (E.D. La. 1985). In the absence of evidence of a deliberate attempt to evade service, the burden on the plaintiff to demonstrate good cause for the failure to effect timely service is a heavy one. See Pereira, 1993 Mass. App. Div. at 63. Half-hearted efforts to effect service will not suffice. See Commissioner of Revenue v. Carrigan, 45 Mass. App. Ct. 309, 313 (1998).

I. **THIS COURT MUST DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO LOCAL RULE 4.1 FOR FAILURE TO FILE A RETURN OF SERVICE WITH THIS COURT.**

Rule 4.1 of the Local Rules of the United States District Court for the District of Massachusetts provides as follows:

> (A)  Any summons not returned with proof that it was served
> within one-hundred twenty (120) days of the filing of the
> complaint is deemed to be unserved for the purpose of Fed. R. Civ.
> P. 4(m).

---

[1] Plaintiffs attempted service on Defendants on November 9, 2005 by mailing (via certified mail) one Summons and Complaint to Cullinan Engineering's Boston Office and one Summons and Complaint to Cullinan Engineering's Auburn Office. However, such process is insufficient as a matter of law. (See Part II below.) Accordingly, Plaintiffs have failed to timely effectuate service on Defendants.

2

>   (B) .... If on the tenth day following the expiration of the 120
>   day period good cause [for the failure to make timely service] has
>   not been shown as provided herein, ***the clerk shall forthwith
>   automatically enter an order of dismissal*** for failure to effect
>   service of process, without awaiting any further order of the court.

LOCAL RULE 4.1 (emphasis added).

In this case, Plaintiffs were required to file a return of service with this Court on or before November 18, 2005. However, to date, Plaintiffs have failed to file any return of service with this Court. Plaintiffs have not, and cannot, demonstrate "good cause" for their failure to file the return of service with this Court demonstrating that they properly effectuated timely service. Accordingly, because it has been over 12 days following the expiration of the 120-day period, Local Rule 4.1 requires this Court to deem the Complaint unserved and to dismiss Plaintiffs' Complaint in its entirety.

Indeed, Courts have repeatedly recognized that a plaintiff's failure to comply with the requirements of Local Rule 4.1 is detrimental to his/her complaint and should result in dismissal of the action. See Turpin v. Mori Seiki Co., Ltd., 56 F. Supp.2d 121, 128 (D. Mass 1999)(noting that "mandatory dismissal" under Fed. R. Civ. P. 4(m) "can be fatal if the statute of limitations has already run on a plaintiff's cause of action."); Zarrilli v. Savucci, 730 F. Supp. 461, 462-63 (D. Mass. 1990)("Plaintiff had ample time to serve the parties. He did not do so within the time prescribed [by Rule 4] and ... [t]he action is automatically dismissed."); see also Alvarado-Morales v. Digital Equipment Corp., 843 F.2d 613, 615 (1st Cir. 1988). Similarly, Plaintiffs in this case should not be permitted to disregard the procedures of this Court, and their Complaint should be dismissed in its entirety.

II. **THIS COURT MUST DISMISS PLAINTIFFS' COMPLAINT BECAUSE THEY HAVE FAILED TO PROPERLY EFFECTUATE TIMELY SERVICE.**

Rule 4(m) of the Federal Rules of Civil Procedure provides as follows:

> **Time Limit For Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative, after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

In the present case, there is no evidence that Plaintiffs even attempted to effectuate service until 111 days after filing the Complaint, and a mere nine days prior to the expiration of the 120-day period in which to effect service of process under Rule 4(m). Moreover, that service was insufficient as a matter of law.

On November 9, 2005, Plaintiffs mailed (via certified mail) one original Summons and Complaint to Cullinan Engineering's Boston office and one Summons and Complaint to Cullinan Engineering's Auburn office. (A true and complete copy of the documents received by the Company is attached hereto as Exhibit A.) However, such service is not sufficient to comply with Rule 4 of the Federal Rules of Civil Procedure.

Rule 4 of the Federal Rules of Civil Procedure requires that service of process upon individuals and corporations be made either by *delivering* a copy of the summons and complaint to the parties or by any method of service acceptable in the state in which the district court is located or in which service is effected. See FED. R. CIV. P. 4. Therefore, "[m]ail service, which was abolished by the 1993 amendments to Rule 4, is available to a federal plaintiff only if the state in which the federal court sits, or the state where the defendant resides, provides for mail

service." MOORE'S FEDERAL PRACTICE Vol. 16, § 108.122[2] (2005). See Miles v. WTMX Radio Network, 2002 WL 1359398 (N.D. Ill. June 20, 2002) (requiring personal service and holding that service by mail is not sufficient); Taylor v. Stanley Works, 2002 WL 32058966, *4 (E.D. Tenn. July 16, 2001) (certified letter does not constitute "delivering" for purposes of Rule 4); Amnay v. Del Labs, 117 F. Supp. 2d 283, 286-287 (E.D. N.Y. 2000) (service by mail not authorized by Rule 4).

Massachusetts law does not provide for mail service to individuals or corporations within the Commonwealth. To the contrary, Massachusetts law requires personal service within the Commonwealth by a sheriff, deputy, special sheriff or by any other person duly authorized by law. See MASS. R. CIV. P. 4. Accordingly, Plaintiffs' service of process by mail is insufficient.

Furthermore, Plaintiffs' attempt to serve Defendant Mory by mail at his place of employment is also insufficient because federal and Massachusetts law require that individuals be served at their dwelling house or usual place of abode. See FED. R. CIV. P. 4(e)(2) and MASS. R. CIV. P. 4(d)(1).

Likewise, Plaintiffs' attempt to serve Defendant Cullinan Engineering by mail addressed generally to the company is insufficient. Federal law requires that service upon a corporation be made to "an officer, managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1). Massachusetts law requires that service upon a corporation be made to "the person in charge of the business at the principal place of business ... or any other agent authorized by appointment or by law to receive service of process." MASS. R. CIV. P. 4(d)(2). Accordingly, mail addressed generally to the Company is not sufficient to effect service upon the corporation. In fact, it is axiomatic that the federal rules do not provide for service of process upon corporations by mail. See Taylor, 2002 WL

32058966, *4 (E.D. Tenn. July 16, 2001) (certified letter addressed to general corporate address not sufficient to constitute service upon a corporation). See also Miles, 2002 WL 1359398 (requiring personal service and holding that service by mail is not sufficient); Amnay, 117 F. Supp. 2d at 286-287 (holding that Rule 4(h)(1) does not authorize service upon corporations by mail).

Accordingly, Plaintiffs have utterly failed to comply with the requirements of Rule 4 of the Federal Rules of Civil Procedure, and, therefore, this Court must dismiss their Complaint in its entirety.

WHEREFORE, Defendants respectfully request that the Court grant its Motion To Dismiss Plaintiff's Complaint For Insufficient Service Of Process and dismiss Plaintiffs' Complaint in its entirety.

CULLINAN ENGINEERING CO., INC. AND WAYNE MORY,

By their attorneys,

*/s/ Kathryn Abare O'Connell*
Jonathan R. Sigel, BBO #559850
Kathryn E. Abare-O'Connell, BBO #647594
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615-0156
Telephone (508) 791-3511
Fax (508) 756-7636

November 30, 2005

# EXHIBIT A

Case 1:05-cv-11546-RCL    Document 4-2    Filed 11/30/2005    Page 1 of 9

11/10/2005 16:00 FAX                                                                           ☒001/004

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

|  |  |
|---|---|
| V. | **SUMMONS IN A CIVIL CASE**<br>**05 - 11546 RCL**<br>CASE NUMBER: |

TO: (Name and address of Defendant)

WAYNE MORY &
CULLINAN ENG. (BOSTON OFFICE)
200 AUBURN STREET
AUBURN, MA 01501

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ~~ATTORNEY~~ PRO SE (name and address)

MYFTAR MYRTAJ              |  FETA LILAJ
100 GOVERNOR'S DR. # 17    |  36 PLEASANT PARK RD.
WINTHROP, MA 02152         |  WINTHROP, MA 02152

an answer to the complaint which is herewith served upon you, within ___20___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

SARAH A. THORNTON



JUL 2 1 2005

CLERK

(By) DEPUTY CLERK

%AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me⁽¹⁾ | 11/08/2005 |
| NAME OF SERVER *(PRINT)* MYFTAR MYRTAJ / FETA LILAJ | TITLE |

Check one box below to indicate appropriate method of service

☐ Served personally upon the third-party defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☑ Other (specify): __CERTIFIED MAIL__

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES $ 4.42 | TOTAL $ 4.42 |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  11/08/2005    *Myftar Myrtaj*    *Feta Lilaj*
                /Date          Signature of Server

                              100 Governor's Dr #17     36 Pleasant Park Rd.
                              Winthrop, MA 02152         Winthrop, MA 02152
                              *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

07/21/2005

**PLAINTIFFS**

MYFTAR MYRTAJ
100 GOVERNOR'S DRIVE # 17
WINTRHROP, MA 02152

FETA LILAJ
36 PLEASANT PARK ROAD
WINTHROP, MA 02152

**DEFENDENT**

WAYNE MORY
CULLINAN ENGINEERING
(BOSTON OFFICE)
400 COMMONWEALTH AV
BOSTON, MA 02215

## 05 - 11546 RCL

**CHARGE DESCRIPTION**

MAGISTRATE JUDGE Collings

RECEIPT #_____
AMOUNT $250
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED_____
BY DPTY. CLK. TOM
DATE 7/21/05

We are two Albanian surveyors that migrated in the U.S.A. on 1996 and 1997. For the last 5 years we have been employed by Cullinan Engineering as surveyors (Feta as chief of crew and Myftar as instrument operator.)
This profession was in full accordance with our backgrounds and educations.
   - Myftar has a bachelor degree in math and 15 years as a math teacher and 6 years as a high school principal.
   - Feta has a bachelor degree in surveying and 23 years experience as a surveyor. During the time that we have been employed by Cullinan, we performed our job in a satisfactory or higher manner and also working whenever our company needed us in any kind of task. We worked with responsibility and never made any errors on the job.
   On the other side Cullinan Engineering appreciated our hard work and effort and treated us as one of the best crews in the Boston Office. (Both plaintiffs usually worked together.)
We never heard any complaints on the behalf of our job from the clients and any bad evaluation from the management. They always congratulated us. Our yearly evaluations prove that our performance was above satisfactory.
   Everything had been changed on January 2004 when Cullinan Engineering replaced the Boston Office Manager with Mr. Wayne Mory. Since his first day, we noticed that he disliked people that spoke with an accent. If we greeted him with a "Good Morning", he would respond back with a "What" or at times not respond at all.
   One week after he took over, he laid off Myftar by telling him that this office is short of work. He was the only instrument operator with a college education, high math skills, hardworking and high evaluation every year. Five months later, Wayne Mory hired 4 others instrument operators and he never called Myftar back. None of the new employees had a higher education and never have had any experience as surveyors. Three months after that, he hired another instrument operator with less education and experience than Myftar.

From January 2004 till August 2004, Feta was working at this office as a chief of crew, usually with his wife Drita (Albanian also.)

During this time I felt that I had been discriminated in different ways from Mr. W. Mory. He always pretended that he never understood when my wife and I spoke and would always do it for his own humor. This sort of incident never happened with any other people in that office. They always understood us and would never show any signs of discrimination.

We were the only ones to be sent home when the office was short of work. Mr. Mory never felt sorry for us when my wife and I were both sent home without payment. This happened often, sometimes twice a week. This made living a little harder and in this manner we were furthered away from our occupations. During this time, the other crew would never be out of work. If there was no work to do, Mr. Mory would make the other crewmembers work inside the office.

I felt that Mr. Mory would always pay more attention to me than the other workers because he always wanted to catch me making mistakes that I never made.

On August 4, 2004, the day that Feta was going on vacation he laid him off pretending that this office is out of work. He pretended that I was the weakest crew chief. None of other crew chiefs had better education and longer experience than I had. I have been selected from the Cullinan Engineering as the best candidate for my position as was posted in the Boston Globe. None of the other chiefs had this kind of selection.

I was the third Albanian surveyor terminated (on February 2004 he let another Albanian surveyor go, Ardian Rapi, a well educated, S.I.T., with long experience, and 8 years Cullinan's employee.

On September 2004, W. Mory was on vacation while the forth Albanian surveyor in this office, Drita Lilaj, showed up after her vacation. She was not scheduled to work and Mr. Mory's substitute did not know what to do with her. They sent her to work at the temporary office (CA/T Cullinan's office), which was planning on closing on December 2004.

Since that time, the four Albanian surveyors that had been Cullinan's Boston office employee are no longer employed in that office.

All the actions that have occurred make us believe that Mr. Mory (manger of Cullinan's Boston office) has acted in a discriminatory matter towards the Albanians that were employed in Cullinan's Boston office.

These experiences have forced us to take this case to the U.S District Court of Massachusetts.

Sincerely,
Myftar Myrtaj

Feta Lilaj

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

V.

SUMMONS IN A CIVIL CASE

**05 - 11546 RCL**

CASE NUMBER:

TO: (Name and address of Defendant)

WAYNE MORY & CULLINAN ENG.
100 COMMONWEALTH AV.
BOSTON, MA    02215

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ~~ATTORNEY~~ PROSE (name and address)

MYFTAR MYZTAJ
100 GOVERNOR'S DR. #17
WINTHROP, MA 02152

FETA LILAJ
36 PLEASANT PARK RD.
WINTHROP, MA 02152

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

SARAH A. THORNTON



JUL 2 1 2005

CLERK

(By) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | 11/08/2005 |
| NAME OF SERVER (PRINT) MYFTAR MYRTAJ / FETA LILAJ | TITLE |

Check one box below to indicate appropriate method of service

☐ Served personally upon the third-party defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☒ Other (specify): _____CERTIFIED MAIL_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES $ 4.42 | TOTAL $ 4.42 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 11/08/2005    Myftar Myrtaj / Feta Lilaj
         Date                Signature of Server

Address of Server: 100 Governor's Dr #17, Winthrop, MA 02152 / 36 Pleasant Park Rd, Winthrop, MA 02152

---

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

07/21/2005

**PLAINTIFFS**

MYFTAR MYRTAJ
100 GOVERNOR'S DRIVE # 17
WINTRHROP, MA 02152

FETA LILAJ
36 PLEASANT PARK ROAD
WINTHROP, MA 02152

**DEFENDENT**

WAYNE MORY
CULLINAN ENGINEERING
(BOSTON OFFICE)
400 COMMONWEALTH AV
BOSTON, MA 02215

05 - 11546 RCL

**CHARGE DESCRIPTION**

MAGISTRATE JUDGE Collings

RECEIPT #_____
AMOUNT $250
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED_____
BY DPTY. CLK. TDM
DATE 7/21/05

We are two Albanian surveyors that migrated in the U.S.A. on 1996 and 1997. For the last 5 years we have been employed by Cullinan Engineering as surveyors (Feta as chief of crew and Myftar as instrument operator.)
This profession was in full accordance with our backgrounds and educations.
   - Myftar has a bachelor degree in math and 15 years as a math teacher and 6 years as a high school principal.
   - Feta has a bachelor degree in surveying and 23 years experience as a surveyor.
During the time that we have been employed by Cullinan, we performed our job in a satisfactory or higher manner and also working whenever our company needed us in any kind of task. We worked with responsibility and never made any errors on the job.
   On the other side Cullinan Engineering appreciated our hard work and effort and treated us as one of the best crews in the Boston Office. (Both plaintiffs usually worked together.)
We never heard any complaints on the behalf of our job from the clients and any bad evaluation from the management. They always congratulated us. Our yearly evaluations prove that our performance was above satisfactory.
   Everything had been changed on January 2004 when Cullinan Engineering replaced the Boston Office Manager with Mr. Wayne Mory. Since his first day, we noticed that he disliked people that spoke with an accent. If we greeted him with a "Good Morning", he would respond back with a "What" or at times not respond at all.
   One week after he took over, he laid off Myftar by telling him that this office is short of work. He was the only instrument operator with a college education, high math skills, hardworking and high evaluation every year. Five months later, Wayne Mory hired 4 others instrument operators and he never called Myftar back. None of the new employees had a higher education and never have had any experience as surveyors. Three months after that, he hired another instrument operator with less education and experience than Myftar.

From January 2004 till August 2004, Feta was working at this office as a chief of crew, usually with his wife Drita (Albanian also.)

During this time I felt that I had been discriminated in different ways from Mr. W. Mory. He always pretended that he never understood when my wife and I spoke and would always do it for his own humor. This sort of incident never happened with any other people in that office. They always understood us and would never show any signs of discrimination.

We were the only ones to be sent home when the office was short of work. Mr. Mory never felt sorry for us when my wife and I were both sent home without payment. This happened often, sometimes twice a week. This made living a little harder and in this manner we were furthered away from our occupations. During this time, the other crew would never be out of work. If there was no work to do, Mr. Mory would make the other crewmembers work inside the office.

I felt that Mr. Mory would always pay more attention to me than the other workers because he always wanted to catch me making mistakes that I never made.

On August 4, 2004, the day that Feta was going on vacation he laid him off pretending that this office is out of work. He pretended that I was the weakest crew chief. None of other crew chiefs had better education and longer experience than I had. I have been selected from the Cullinan Engineering as the best candidate for my position as was posted in the Boston Globe. None of the other chiefs had this kind of selection.

I was the third Albanian surveyor terminated (on February 2004 he let another Albanian surveyor go, Ardian Rapi, a well educated, S.I.T., with long experience, and 8 years Cullinan's employee.)

On September 2004, W. Mory was on vacation while the forth Albanian surveyor in this office, Drita Lilaj, showed up after her vacation. She was not scheduled to work and Mr. Mory's substitute did not know what to do with her. They sent her to work at the temporary office (CA/T Cullinan's office), which was planning on closing on December 2004.

Since that time, the four Albanian surveyors that had been Cullinan's Boston office employee are no longer employed in that office.

All the actions that have occurred make us believe that Mr. Mory (manger of Cullinan's Boston office) has acted in a discriminatory matter towards the Albanians that were employed in Cullinan's Boston office.

These experiences have forced us to take this case to the U.S District Court of Massachusetts.

                                        Sincerely,
                                        Myftar Myrtaj

                                        Feta Lilaj